# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID N. MURPHY, SR.,** | : | CIVIL NO. 1:CV-09-00934 |
| **Plaintiff** | : | (Judge Rambo) |
| v. | : | |
| **CHIEF MATTHEW R. NESTOR,** *et al.*, | : | |
| **Defendants** | : | |

## **M E M O R A N D U M**

Plaintiff David N. Murphy, Sr., an inmate confined at the Schuylkill County Prison in Pottsville, Pennsylvania, commenced this action *pro se* by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983. (Doc. 3.) Plaintiff names the following Defendants: Chief Matthew R. Nestor of the Shenandoah Police Department; the Borough of Shenandoah; Schuylkill County; and George Carado, a police officer in the Shenandoah Police Department. Plaintiff alleges that his constitutional rights were violated during his arrest and his confinement at the Shenandoah Police Department Jail.

The complaint is presently before the court for preliminary screening pursuant to 28 U.S.C. § 1915.[1] For the reasons set forth below, Plaintiff will be afforded an

---

[1] Section 1915(e)(2) provides that:

opportunity to amend his complaint to assert a viable claim against properly named defendants.

I. **Background**

In the complaint, Plaintiff provides the following factual background. At approximately 6:15 p.m. on March 9, 2008, Defendants Nestor and Carado arrested Plaintiff at his home on charges that he had sold pain pills to his wife. (Doc. 3 at 4.) Defendant Carado assisted in placing him in custody, but departed after doing so. (*Id*. at 6.) When Plaintiff and Defendant Nestor arrived at the Shenandoah Police Department Jail, Defendant Nestor struck Plaintiff in the back where he had recently had spinal fusion surgery. (*Id*. at 4.) Defendant Nestor then placed Plaintiff in a cell and left him there unattended until 9:00 a.m. (*Id*.) At that time Plaintiff informed Defendant Nestor that he had had a heart attack in the cell the previous night and needed medical assistance. (*Id*.) Defendant Nestor refused to take Plaintiff to a

---

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
    (A) the allegation of poverty is untrue; or
    (B) the action or appeal –
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

hospital, and instead transported Plaintiff to the Schuylkill County Prison. (*Id*. at 4-5.) Officials at Schuylkill County Prison examined Plaintiff and refused to admit him, informing Defendant Nestor that Plaintiff needed medical attention. (*Id*. at 5.) Defendant Nestor transported Plaintiff to the Pottsville Hospital, "threatening me the whole way there and said if I tried to sue he already is going back to destroy the tapes and said he would harass me once I get out of jail." (*Id*.) Plaintiff remained at the Pottsville Hospital for four days and upon his release was transported to Schuylkill County Prison. (*Id*.)

## II. Discussion

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: 1) that the conduct complained of was committed by a person acting under color of state law, and 2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). A defendant's conduct must have a close causal connection to plaintiff's injury in order for § 1983 liability to attach. *Martinez v. California*, 444 U.S. 277, 285 (1980).[2] A prerequisite for a viable civil rights claim is

---

[2] The Court in *Martinez* explained: "Although a § 1983 claim has been described as 'a species of tort liability,' *Imbler v. Pachtman*, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L. Ed. 2d. 128 [(1976)], it is perfectly clear that not every injury in which a state official has played some part is

3

that a defendant directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988).

A municipal body or other local government unit, not part of a state for Eleventh Amendment purposes, is a "person" subject to suit under § 1983. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). However, municipalities and other local government entities may not be held liable under § 1983 for the acts of their employees under the theory of *respondeat superior* or vicarious liability. *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 403 (1997).

The Supreme Court has held that "a plaintiff seeking to impose liability on a municipality under § 1983 [is required] to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* (citing *Monell*, 436 U.S. at 694). A policy is an official proclamation or edict of a municipality, while a custom is a practice that is "'so permanent and well-settled' as to virtually constitute law." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted). A custom need not be

---

actionable under that statute." *Martinez*, 444 U.S. at 285.

"formally approved by an appropriate decisionmaker," but must be "so widespread as to have the force of law." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003) (quoting *Brown*, 520 U.S. at 404).

A review of the complaint reveals that Plaintiff has failed to set forth any allegations whatsoever that the Borough of Shenandoah and/or Schuylkill County undertook any act pursuant to an official municipal policy of some nature which caused the constitutional tort. Further, Plaintiff has not alleged that anyone in the Borough of Shenandoah or Schuylkill County government ever promulgated a policy of indifference to his constitutional rights, and he has not alleged that borough officials ever violated the rights of anyone but himself. *See St. Louis v. Praprotnik*, 485 U.S. 112, 128 (1988). Plaintiff has alleged nothing more than an isolated incident of alleged unconstitutional activity by a borough employee, liability for which cannot properly be imputed to the borough or county itself. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985) (stating proof of isolated act insufficient to impose liability under *Monell*). Therefore, the claims against the Borough of Shenandoah and Schuylkill County will be dismissed as legally frivolous. Plaintiff, however, will be granted the opportunity to amend his complaint to state a claim against the Borough of Shenandoah and Schuylkill County, if possible.

5

Further, in the instant complaint, Plaintiff fails to set forth a single allegation against Officer George Carado. Plaintiff is reminded that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs." *Id*. The personal involvement requirement may be satisfied by a showing of "personal direction or of actual knowledge and acquiescence." *Id*. Plaintiff fails to allege any personal involvement by Officer Carado. Therefore, the claims against Officer Carado will be dismissed as legally frivolous. Plaintiff, however, will be granted the opportunity to amend his complaint to state a claim against Officer Carado, if possible.

In preparing his amended complaint, Plaintiff is advised that, among other requirements, a sound complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not contain detailed factual allegations, but a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action" to show

entitlement to relief as prescribed by Rule 8(a)(2). *Id.*; *see also Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005).

To meet the standards set forth in Rule 8, a complaint must at least contain a modicum of factual specificity, identifying the defendants and the particular conduct of the defendants purported to have harmed the plaintiff. "A complaint which contains a bare bones allegation that a wrong occurred and which does not plead any of the facts giving rise to the injury, does not provide adequate notice." *Purveegiin v. Pike County Corr. Facility*, No. 3:CV-06-0300, 2006 WL 1620219 (M.D. Pa. June 6, 2006).

In addition, Plaintiff is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must specify the existence of actions by defendants which have resulted in constitutional deprivations. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 370–73 (1976).

Finally, Plaintiff is advised that if he fails, within the applicable time period, to file an amended complaint adhering to the standards set forth above, the Borough of Shenandoah, Schuylkill County, and Officer George Carado will be terminated as

parties in this action and the court will direct service of the original complaint on the

Defendant Chief Matthew R. Nestor.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated: June 10, 2009.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**DAVID N. MURPHY, SR.,** : CIVIL NO. 1:CV-09-00934
:
    **Plaintiff** : (Judge Rambo)
:
**v.** :
:
**CHIEF MATTHEW R. NESTOR,** *et al.*, :
:
    **Defendants** :

## O R D E R

**AND NOW**, this 10th day of June, 2009, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) Plaintiff's motion for leave to proceed *in forma pauperis* (Docs. 7 & 10) is **GRANTED**.

2) Within twenty (20) days from the date of this order, Plaintiff may file an amended complaint.

3) Should Plaintiff fail to submit an amended complaint in accordance with the foregoing memorandum, the Borough of Shenandoah, Schuylkill County, and George Carado will be terminated as parties in this action, and the court will direct service of the original complaint on Defendant Chief Matthew R. Nestor.

4) Plaintiff's motion to amend/correct the complaint in order to change the amount of relief requested (Doc. 15) is **DEEMED MOOT**.

                                                           s/Sylvia H. Rambo
                                                      United States District Judge